IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01802-REB-KLM

BITUMINOUS CASUALTY CORPORATION, an Illinois corporation,

      Plaintiff,

v.

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, a Kansas corporation,

      Defendant and Third Party Plaintiff,

v.

AXIS SURPLUS INSURANCE COMPANY, an Illinois corporation,
AUTO OWNERS INSURANCE COMPANY, a Michigan corporation, and
OWNERS INSURANCE COMPANY, an Ohio corporation,

      Third Party Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Third Party Defendant AXIS Surplus Insurance

Company's ("AXIS") **Motion to Dismiss Third Party Complaint for Failure to State a**

**Claim Pursuant to Rules 12(b)(6) and 12(d) of the Federal Rules of Civil Procedure**

[Docket No. 48; Filed February 22, 2013] (the "Motion").  In the Motion, AXIS states:

> As a preliminary matter, AXIS brings this motion pursuant to Fed. R. Civ. P.
> 12(b)(6) with the recognition that in presenting matters outside the pleadings,
> its Motion will, at the Court's discretion, be converted to a Motion for
> Summary Judgment as directed by Fed. R. Civ. P. 12(d).  For the reasons
> discussed in detail below, Trinity cannot prevail on its Third Party Complaint
> against AXIS as D. R. Horton was not an additional insured under the AXIS
> Policy.  In the interests of conserving judicial resources and the parties' time
> and expenses at the onset of this case, AXIS brings this Motion under Rules

12(b)(6) and 12(d) of the Federal Rules of Civil Procedure and requests the Court exercise its discretion and consider all matters presented by AXIS on the merits as if brought pursuant to Fed. R. Civ. P. 56.

*Motion* [#48] at 2.  In its Response [#57], Third Party Plaintiff Trinity Universal Insurance Company of Kansas addresses this request by stating:

> AXIS argues that it is filing its Motion pursuant to Fed. R. Civ. P. 12(b)(6), but recognizes that it presents matters outside of the pleadings for this Court's consideration.  AXIS's requested relief rests significantly on the interpretation of certain exhibits attached to its Motion.  As such, the resolution of AXIS's Motion is dependent upon matters beyond the pleadings.  Fed. R. Civ. P. 12(d) states, "If, on a motion under Rule 12(b)(6) or Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" (emphasis added).  *See also David v. City & Cnty of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) ("if matters outside the pleadings are presented to and not excluded by the court, [a Rule 12(b)(6) motion] shall be treated as one for summary judgment and disposed of as provided in Rule 56").  Therefore, AXIS's Motion must be treated as a summary judgment motion under Fed. R. Civ. P. 56.

*Response* [#57] at 2.  The parties therefore agree that the Motion should be treated as a motion for summary judgment and not as a motion to dismiss.

The Court agrees that, if the evidence attached to the Motion is not excluded, then it must be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(d); *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995).  The Court finds that it is appropriate to consider the evidence attached by AXIS to its Motion.  Neither party argues in the briefing that any discovery is required prior to the determination of the Motion pursuant to Fed. R. Civ. P. 56.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#48], filed as a motion to dismiss, is converted to a motion for summary judgment pursuant to Fed. R. Civ. 12(d).

IT IS FURTHER **ORDERED** that, if any party seeks discovery prior to the Court's

determination of the Motion, it must file a motion specifying the discovery sought **on or before April 26, 2013**.

IT IS FURTHER **ORDERED** that, if no motion for discovery is filed, any additional evidence the parties wish to submit in support of their arguments must be filed **on or before May 3, 2013**.  **The Court's permission to submit additional evidence should not be construed as an invitation for additional briefing regarding the Motion.**

Dated:  April 17, 2013                    BY THE COURT:

                                          Kristen L.  Mix
                                          United States Magistrate Judge