**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01802-REB-KLM

BITUMINOUS CASUALTY CORPORATION, an Illinois corporation,

    Plaintiff,

v.

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, a Kansas corporation,

    Defendant and Third-Party Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation, and
OWNERS INSURANCE COMPANY, an Ohio corporation,

    Third-Party Defendants.

**ORDER GRANTING MOTION TO
EXERCISE SUPPLEMENTAL JURISDICTION**

**Blackburn, J.**

    This matter is before me on the **Unopposed Motion Requesting the Exercise of Supplemental Jurisdiction Over Trinity's Third-Party Claims** [#136][1] filed November 12, 2013. The motion is unopposed and is granted.

    When this case first was filed, the plaintiff sought to recover from the defendant more than 87,000 dollars. Because there was complete diversity among the parties and more than 75,000 dollars was in controversy, this court had diversity jurisdiction over

---

[1] "[#136]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

this case when it was filed. 28 U.S.C. § 1332. Ultimately, the plaintiff and the defendant agreed to a settlement requiring the defendant to pay 50,000 dollars to the plaintiff.

The defendant, Trinity Universal Insurance Company of Kansas, as a third-party plaintiff, asserted claims against the third-party defendants seeking contribution from the third-party defendants for any liability Trinity may have to the plaintiff. Given the settlement between the plaintiff and Trinity, the contribution claims of Trinity against the third-party defendants now present a controversy involving less than the jurisdictional amount specified in § 1332. Given this recent change in circumstances, the fact that discovery and dispositive motions are complete, and the fact that trial is imminent, Trinity now asks the court to exercise supplemental jurisdiction over its third-party claims under 28 U.S.C. § 1367.

Section 1367(a) provides:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Until the claims of the plaintiff have been dismissed by the court, pursuant to the settlement between the plaintiff and the defendant, this court has supplemental jurisdiction over the third-party claims of Trinity under § 1367(a). Once the claims of the plaintiff are dismissed, the amount in controversy in this case necessarily falls below the jurisdictional amount specified in § 1332.

Under § 1367(c), the court "may decline to exercise supplemental jurisdiction

over a claim under subsection (a) if - * * * the district court has dismissed all claims over which it has original jurisdiction." The continued exercise of supplemental jurisdiction in these circumstances is a matter left to the court's discretion. Given the circumstances of this case, I exercise my discretion under § 1367(c) and will continue to exercise supplemental jurisdiction over the third-party claims of Trinity after the claims of the plaintiff have been dismissed pursuant to the settlement between the plaintiff and Trinity.

**THEREFORE, IT IS ORDERED** that the **Unopposed Motion Requesting the Exercise of Supplemental Jurisdiction Over Trinity's Third-Party Claims** [#136] filed November 12, 2013, is **GRANTED**.

Dated November 15, 2013, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge